City of Middletown, Appellee, *v.* Banks, Appellant.
City of Middletown, Appellee, *v.* Caudill, Appellant.

(Nos. 1165 and 1166—Decided July 23, 1962.)

*Mr. J. A. McIntosh*, for appellee.
*Mr. Richard N. Koehler*, for appellants.

Keefe, J. Defendants below were charged with violation of the following ordinance of the city of Middletown:

"925.02 Disorderly Conduct. It shall be unlawful for any person to wilfully conduct himself in a noisy, boisterous, rude, insulting, or other disorderly manner, with intent to abuse or annoy any person or the citizens of the city or any portion thereof, or to permit or suffer such act made unlawful herein to be committed on or about his house or any premises attached thereto."

After trial by the Middletown Municipal Court, without jury, defendants were convicted and each fined fifty dollars ($50) and court costs, execution of the sentence being suspended indefinitely if the defendants remained away from the prosecuting witness, Elisha Miller. Defendants have appealed, contending that violation of the above ordinance was not proved.

The defendants called the prosecuting witness a "scab" in the presence of others. Examination of the bill of exceptions clearly shows a strained and unfriendly relationship to have existed between the prosecuting witness and the defendants at the time of the name-calling. The prosecuting witness definite-

ly resented being called a "scab" and was annoyed by it. His attitude of disapproval is made manifest by his going to the trouble of signing affidavits against the defendants and appearing and testifying against them at their trials.

Webster's Third New International Dictionary defines the word "scab." Here is a part of the definition: "4a: a mean contemptible person; scoundrel." In his testimony, the prosecuting witness did not give a so-called dictionary definition of "scab," but his testimony shows that he had a general conception of the meaning of the word and knew it was being used with reference to him in an insulting manner. The testimony also establishes that the name was being called in a noisy and boisterous fashion unquestionably with an "intent to abuse or annoy."

We are of the opinion that the city's proof in these two cases was adequate to sustain convictions under the "disorderly conduct" ordinance.

One of the contentions of counsel for defendants was that the city had the duty to prove them guilty of conduct which was noisy *and* boisterous *and* rude *and* insulting. This contention is not tenable. Such an interpretation of the language of the ordinance would be unreasonable, when one considers the obvious purpose for such an ordinance. In this respect, the only reasonable way to read the words "noisy," "boisterous," "rude," "insulting" is in the alternative or disjunctive, as if they had the word "or" separating them.

After finding the defendants guilty as charged, the trial judge relieved them from any obligation to pay either the fine or costs as long as they remained away from the prosecuting witness and discontinued annoying him. This sentence seems fair and commensurate with the nature of the transactions.

The defendants below had a fair trial. The judgments of conviction must be affirmed.

*Judgments affirmed.*

Long, P. J., and Hildebrant, J., concur.